UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

MATTHEW STONE,

                                                 Plaintiff,

      -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
ALLIED UNIVERSAL, OVERWATCH SERVICES, LLC,
DBA CITY SAFE PARTNERS, SHANASIA MADDOX,
Individually, KENNETH COLE, Individually,
RAWSHOD CAESAR, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                                 Defendants.

---------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiff MATTHEW STONE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MATTHEW STONE is a twenty-one-year-old male residing in Merrick, New York.

7. Defendant METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter "MTA") was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The MTA contracted defendant ALLIED UNIVERSAL to provide security for the MTA. ALLIED UNIVERSAL is headquartered at 8 Tower Bridge, 161 Washington Street, Suite 600, Conshohocken, PA.

9. Defendant OVERWATCH SERVICES, LLC, DBA CITY SAFE PARTNERS (hereinafter "CSP") is subcontracted by ALLIED UNIVERSAL to provide security for the MTA and was at all relevant times, the employer of defendants SHANASIA MADDOX, KENNETH COLE, and RAWSHOD CAESAR. CSP is headquartered at 230 West 135th Street, Ground Floor, New York, NY.

10. That at all times hereinafter mentioned, the individually named defendants SHANASIA MADDOX, KENNETH COLE, RAWSHOD CAESAR, and JOHN and JANE DOE 1 through 10, were security officers and/or employees and/or agents of the MTA, and were

acting under the supervision of the MTA and/or its agents and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or of their respective employers.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by their respective employers.

## FACTS

13. On December 28, 2022, at approximately 3:00 p.m., inside of the Union Square train station, New York, New York, plaintiff was unreasonably seized and subjected to unreasonable force by defendants SHANASIA MADDOX, KENNETH COLE, and RAWSHOD CAESAR.

14. At the time of the incident, defendants were working as security guards for the MTA and were on duty and acting in course and scope of their official duties.

15. Defendants, *inter alia*, stopped plaintiff without justification or authority, and then proceeded to assault him, striking him multiple times in the head with their fists.

16. The defendants' use of force was unreasonable and was otherwise unjustified under the circumstances.

17. Plaintiff was later transported by EMT personnel to Lenox Hill Hospital, where he received treatment for his injuries, including abrasions and tenderness to his mouth, and pain to the left side of his face, including his jaw, ear, and head.

18. Plaintiff has to date sought ongoing treatment for *inter alia* post-concussion syndrome, jaw and left ear pain, dizziness, headaches, and emotional distress.

19. As a result of the foregoing, plaintiff sustained pain and suffering and emotional distress.

20. Defendants MADDOX, COLE, CAESAR, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the defendant MTA including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees and subcontractors.

22. The aforesaid event is not an isolated incident. The MTA is aware from lawsuits, notices of claims, complaints filed, and the media, that the defendant security guards are insufficiently trained to provide security for the MTA, and are insufficiently trained on when to stop, detain, and use force against individuals in the course of their duties.

23. Defendant MTA is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the MTA has failed to take corrective action. This failure caused the security guards in the present case to violate the plaintiff's civil rights.

24. Moreover, upon information and belief, defendant MTA was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as security guards. Despite such notice, defendant MTA has retained these guards, and failed to adequately train and supervise them.

25. As a result of the foregoing, plaintiff MATTHEW STONE sustained, *inter alia*, emotional distress, offensive physical contact, loss of liberty, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Unlawful Imprisonment under 42 U.S.C. § 1983)

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants seized plaintiff MATTHEW STONE without probable cause, causing him to be deprived of his liberty.

28.     As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MATTHEW STONE'S constitutional rights.

31.     As a result of the aforementioned conduct of the defendants, plaintiff MATTHEW STONE was subjected to excessive force and sustained serious physical injuries and emotional distress.

32.     As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(<u>Failure to Intervene under 42 U.S.C. § 1983</u>)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff MATTHEW STONE, whose constitutional rights were being violated in their presence by other defendants.

35. The defendants failed to intervene to prevent the unlawful conduct described herein.

36. As a result of the foregoing, plaintiff MATTHEW STONE'S liberty was restricted, he was put in fear of his safety, and he was subjected to excessive force.

37. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983</u>)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

40. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The aforementioned customs, policies, usages, practices, procedures and rules of the defendant MTA included, but were not limited engaging in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees and subcontractors that was the moving force behind the violation of plaintiff MATTHEW STONE'S rights as described herein. As a result of the failure of defendant MTA to properly recruit, screen, train, discipline, and supervise its employees and subcontractors, including the individual defendants, defendant MTA has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the MTA and its subcontractors constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MATTHEW STONE.

45. The foregoing customs, policies, usages, practices, procedures and rules of the MTA and its subcontractors were the direct and proximate cause of the constitutional violations suffered by plaintiff MATTHEW STONE as alleged herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of the MTA and its subcontractors were the moving force behind the Constitutional violations suffered by plaintiff MATTHEW STONE as alleged herein.

47. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the MTA and its subcontractors, plaintiff MATTHEW STONE was unlawfully arrested.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MATTHEW STONE'S constitutional rights.

49. All of the foregoing acts by defendants deprived plaintiff MATTHEW STONE of federally protected rights, including, but not limited to, the right:

  A. To be free from unlawful imprisonment;

  B. To be free from excessive force; and

  C. To be free from failure to intervene.

50. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the METROPOLITAN TRANSPORTATION AUTHORITY, a Notice of Claim setting forth all facts and information required under the General Municipal Law

50-e.

53. The METROPOLITAN TRANSPORTATION AUTHORITY has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54. This action was commenced within one (1) year and ninety (90) days after plaintiff's eighteenth birthday.

55. Plaintiff has complied with all conditions precedent to maintaining the instant action.

56. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Imprisonment under the laws of the State of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants detained plaintiff against his will.

59. As a result of the aforementioned conduct, plaintiff MATTHEW STONE was unlawfully imprisoned in violation of the laws of the State of New York.

60. As a result of the aforementioned conduct, plaintiff MATTHEW STONE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

61. Defendants MTA, ALLIED UNIVERSAL, and CSP are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

62. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. As a result of the foregoing, plaintiff MATTHEW STONE was placed in apprehension of imminent harmful and offensive bodily contact.

65. As a result of defendants' conduct, plaintiff MATTHEW STONE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. Defendants MTA, ALLIED UNIVERSAL, and CSP are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with plaintiff MATTHEW STONE without privilege or consent.

70. As a result of defendants' conduct, plaintiff MATTHEW STONE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. Defendants MTA, ALLIED UNIVERSAL, and CSP are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

72. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

75. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendants MTA, ALLIED UNIVERSAL.

76. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by the defendants MTA, ALLIED UNIVERSAL, and CSP.

77. The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to plaintiff MATTHEW STONE.

78. Defendants MTA, ALLIED UNIVERSAL, and CSP are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79. As a result of the aforementioned conduct, plaintiff MATTHEW STONE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief, the defendants MTA, ALLIED UNIVERSAL, and CSP failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the unlawful imprisonment and use of excessive force against plaintiff MATTHEW STONE.

83. Defendants MTA, ALLIED UNIVERSAL, and CSP knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief defendants MTA, ALLIED UNIVERSAL, and CSP failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MATTHEW STONE.

87. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendants MTA, ALLIED UNIVERSAL, and CSP, and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90. Defendants MTA, ALLIED UNIVERSAL, and CSP are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their

employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff MATTHEW STONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MATTHEW STONE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 28, 2023

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff MATTHEW STONE
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By: *Brett Klein*
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MATTHEW STONE,

                                              Plaintiff,

      -against-                                                              Index No.:

METROPOLITAN TRANSPORTATION AUTHORITY,
ALLIED UNIVERSAL, OVERWATCH SERVICES, LLC,
DBA CITY SAFE PARTNERS, SHANASIA MADDOX,
Individually, KENNETH COLE, Individually,
RAWSHOD CAESAR, Individually, and JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                            Defendants.

--------------------------------------------------------------------------------X

# COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132