**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
11 Broadway
New York, NY 10004
844-639-9626
mschleigh@hardinlawpc.net
*Counsel for Defendant, Overwatch Services, LLC*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

MATTHEW STONE
        Plaintiff,

                  v.                          Case No. 1:23-CV-11258-CM

METROPOLITAN TRANSPORTATION AUTHORITY, ET AL.

## DEFENDANT OVERWATCH SERVICES, LLC'S NOTICE OF MOTION TO DISMISS COMPLAINT

      Defendant, Overwatch Services. LC, by its counsel, Hardin Thompson, PC, hereby move this Honorable Court to enter an Order dismissing Plaintiff's Complaint for for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference herein. Oral argument is respectfully requested if opposition is filed.

                                                                        Respectfully submitted,

                                                                        */s/ Michael F. Schleigh*
                                                                        Michael F. Schleigh, Esquire

Dated: January 24, 2024

**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
11 Broadway
New York, NY 10004
844-639-9626
mschleigh@hardinlawpc.net
*Counsel for Defendant, Overwatch Services, LLC*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

MATTHEW STONE
        Plaintiff,

        v.                       Case No. 1:23-CV-11258-CM

METROPOLITAN TRANSPORTATION AUTHORITY, ET AL.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached Motion to Dismiss and accompanying Brief with Proposed Order and Certifications were served upon the following, on

The undersigned hereby certifies that a true and correct copy of the attached Motion was served upon the following by electronic filing service:

Brett H. Klein, Esq. PLLC
305 Broadway, Suite 600
New York, NY 10007
212-335-0132
Fax: 212-335-0571
Email: bklein@kleincivilrights.com


And by US Mail pre-paid to:

Allied Universal  
8 Tower Bridge  
161 Washington St., Suite 600  
Conshohocken, Pa 19428

Metropolitan Transportation Authority  
2 Broadway  
New York, NY 10004

*/s/ Michael F. Schleigh*  
Michael F. Schleigh, Esquire

**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
11 Broadway
New York, NY 10004
844-639-9626
mschleigh@hardinlawpc.net
*Counsel for Defendant, Overwatch Services, LLC*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

MATTHEW STONE
    Plaintiff,

           v.           Case No. 1:23-CV-11258-CM

METROPOLITAN TRANSPORTATION AUTHORITY, ET AL.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OVERWATCH SERVICES, LLC'S MOTION TO DISMISS COMPLAINT**

Defendant, Overwatch Services, LLC, by its counsel, Hardin Thompson, PC,[1] respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint.

**I.    INTRODUCTION**

Plaintiff, Matthew Stone asserts claims against Moving Defendant, Overwatch Services, LLC (hereinafter "Movant"). Plaintiff's Complaint (ECF No. 1) is 14 pages, has 91 paragraphs, and contains what are described as 12 counts against the various defendants. For brevity and ease of reading, Moving Defendant will only address the portions of

---

[1] It is noted that undersigned counsel does not represent co-defendants, Shanasia Maddox, Kenneth Cole and Rawshod Caeser who are alleged to be Movant's employees at all times relevant to the complaint. It is specifically noted that the Returns of Service for these individual defendants indicate service was made at Movant's place of business. Said Co-Defendants were not employees at the time of this alleged service, were not on Movant's premises on the date of said alleged service, and to the best of Movant's knowledge were not served at Movant's premises on the date alleged. Movant nor its counsel in this matter is authorized to accept service on behalf of these Defendants. To the extent that default is entered against these co-defendants based on the existing returns of service in this record, Movant reserves the right to object for an alleged implication of vicarious liability against it due to improper service and lack of personal jurisdiction against those co-defendants.

Plaintiff's Complaint that pertain directly to claims against it.

Plaintiff's Complaint against Movant should be dismissed for the following reasons:

1) Movant and it's employees are not state actors and accordingly the 28 U.S.C. Sec. 1983 claims against Movant fail as a matter of law;

2) There is no basis for vicarious liability on the part of Movant under 28 U.S.C. Sec. 1983 because Plaintiff has failed to allege as to how any policy or procedure of Movant is causally linked to the harms alleged, and because neither Movant nor its employees were state actors;

3) The non-compliant claims should be dismissed because Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which mandates that he plead a "short and plain statement" of his claim; and

4) In the absence of a federal claim against Movant, the state law claims should be dismissed and/or remanded to a state court.

**II.   FACTS**

A. <u>Plaintiff's Claims and Noted Deficiencies on the Face of the Complaint</u>

The Plaintiff claims that he was seized and subjected to unreasonable force by three agents of Movant (Defendants Shanasia Maddox, Kenneth Cole, and Rawshod Caesar) on December 28, 2022. Docket No. 1 at p. 3 ¶13. Plaintiff further alleges that the aforementioned agents were working as security guards in the course and scope of their official duties. <u>Id</u>. at p. 3 ¶14. Plaintiff further alleges that the aforementioned agents stopped Plaintiff without justification or authority, and then proceeded to assault him. <u>Id</u>. at p. 3 ¶15. Plaintiff claims said use of force was unreasonable and unjustified under the circumstances. <u>Id</u>. at p. 3 ¶16. Plaintiff further claims that

the aforementioned agents either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the misconduct. Id. at p. 4 ¶20. Plaintiff generally alleges suffering physical injuries as a result of the alleged assault requiring medical care. In Count One, Plaintiff alleges an unlawful imprisonment pursuant to 42 U.S.C. § 1983 based on the prior allegations. In Count Two, Plaintiff alleges a claim of excessive force pursuant to 42 U.S.C. § 1983. In Count Three, Plaintiff alleges a claim for failure to intervene pursuant to 42 U.S.C. § 1983. In Count Four, Plaintiff alleges a cause of action based on supervisory liability pursuant to 42 U.S.C. § 1983. In Count Five, Plaintiff alleges municipal liability pursuant to 42 U.S.C. § 1983. In Count Six Count, Plaintiff alleges a claim for unlawful imprisonment under New York Law. In Count Six, Plaintiff alleges a claim for assault under New York Law. In Count Eight, Plaintiff alleges a claim for battery under New York Law. In Count Nine, Plaintiff alleges a claim for intentional infliction of emotional distress under New York Law. In Count Ten, Plaintiff alleges a claim for negligent hiring and/or retention under New York Law. In Count Eleven, Plaintiff alleges a claim for negligent training and supervision under New York Law. In Count Twelve, Plaintiff alleges a claim for negligence/vicarious liability for the aforementioned agents under New York Law.

With respect to the federal claims in this matter, they are simply not applicable to Movant because its is not a state actor. Movant supplied security guards (not police) to the MTA through a security guard subcontract with co-Defendant Allied Universal (properly Allied Universal Security Services, LLC). A copy of this subcontract is attached as Exhibit "1".[2] Under this subcontract, Movant was to provide security guard services for the Metropolitan Transit Authority ("MTA"). Specifically pursuant to Exhibit A of the subcontract, Movant was to provide "unarmed,

---

[2] Confidential financial information has been redacted from this contract.

uniformed security services in the numbers and at the times and locations specified by Allied Universal to implement [MTA's] security objective . . .". Id. at 21. The provisions of services under the subcontract was also subject to the MTA's Post Orders. The Post Order in effect at the time of the alleged incident stated as follows:

PATROL SECTORS

Members will perform continual patrols of the station's environment, including platforms and mezzanine areas if applicable. Special attention should be paid to MetroCard vending machines (MVM's) and station Agent Booth (Token Booth) Areas. Members will swipe at their station during their inspections to document their presence at the station. Any vandalism or unauthorized activity should immediately be reported to the Security Command Center at 718-694-5212.

NYCT SECURITY STAFF NOTIFICATIONS

The NYCT Security Command Center must be notified at 718-694-5212 for the following issues:

- Assaults or harassment of personnel, Including any threatening behavior. Injuries or illnesses concerning personnel
- Any incident requiring emergency notifications
- Suspicious persons/packages or bomb threat
- Any crimes observed Example: Vandalism or unauthorized activities
- Homeless in station outstretched or sleeping
- Presence of media personnel, governmental agencies or representatives
- Any NYCT Rules and Regulations being broken

*See* MTA October 2022 Post Orders attached as Exhibit "2". A review of the above indicate that the contracted security personnel were to view and report, and were not entrusted with traditional police powers such as detention and arrest.

### III.     LEGAL STANDARD

A defendant may move to dismiss a complaint under for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint should only contain a "short and plain statement" of the facts. Fed. R. Civ. P. 8(a). Moreover, the Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

4

not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." Id. The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). This court need not, however, accept bare legal conclusions included in a plaintiff's complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and provide more than a "formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks and alterations omitted); Shara v. Maine-Endwell Cent. Sch. Dist., 46 F.4th 77, 82 (2d Cir. 2022). Although allegations that are "conclusory" are "not entitled to be assumed true," Iqbal, 556 U.S. at 681, 129 S.Ct. 1937; *see, e.g.*, *Twombly*, 550 U.S. at 554-55, 127 S.Ct. 1955, "*[w]hen there are well-pleaded factual allegations, a court should assume their veracity* and then determine whether they plausibly give rise to an entitlement to relief," Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (emphasis added); *see also id*. at 678, 129 S.Ct. 1937 (a court is "not bound to accept as true a [pleading's] legal conclusion," but "for the purposes of a motion to dismiss [it] must take all of the factual allegations in the complaint as true"); Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020).

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law," and, "[t]o the extent that a complaint filed . . . lacks even an arguable basis in law, Rule 12(b)(6) . . . counsel[s] dismissal. Neitzke v. Williams, 490 U.S. 319, 326, 328 (1989). Moreover, Rule 12(b)(6) authorizes dismissal of a Complaint for failure to comply with the requirement that

5

a Complaint only contain a "short and plain statement" of the facts. Fed. R. Civ. P. 8(a). In <u>Fry v. Napoleon Community Schools</u>, 137 S. Ct. 743, 755 (2017), the Court reiterated the longstanding rule that determining the relief sought by a plaintiff, and the claims being asserted, involves examining the substance of a complaint, not the artful way in which it is drafted, or the labels attached to the claims. What matters is the gravamen of the complaint. <u>Id</u>.

In addition, if the federal claims against the Movant (and eventually other Defendants) are dismissed, supplemental jurisdiction pursuant to 28 U.S.C. § 1367 should not be exercised over the remaining state law claims. *See* <u>Pollack v. Nash</u>, 58 F.Supp.2d 294, 305 (S.D.N.Y.1999) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); <u>Fisk v. Letterman</u>, 401 F. Supp. 2d 362, 374–75 (S.D.N.Y. 2005).

### IV. ARGUMENT

    A.    <u>The Complaint Fails to State a Cause of Action under 28 U.S.C. §. 1983 because Overwatch Security, LLC is not a State Actor</u>

This action must be dismissed as against Defendant, Overwatch Services, LLC for the simple reason that it is not a state actor to which the Civil Rights Act protections are applicable.[3] Although plaintiff summarily concludes this in a few lines of the complaint, he alleges no facts to support the allegation the Moving Defendant was acting under color of law, beyond the fact that the incident occurred on a public subway. The <u>Twombly/Iqbal</u> standard requires the plaintiff to plead more than a "formulaic recitation" of the elements of a cause of action, and to plead factual content from which the claim is plausible on its face. <u>Iqbal</u>, 556 U.S. at 678. Legal conclusions

---

[3] Should a determination of the present motion come to the conclusion that Movant is a state actor for purposes of this action, Movant specifically reserves the right to present appropriate qualified immunity defenses in this matter in later pleadings and/or motions and does not waive same. <u>Filarsky v Delia</u>, 132 S.Ct. 1657 (2012).s

6

and conclusory allegations are insufficient. *Id.* In this case, the plaintiff's complaint contains the type of "naked assertions" that our Supreme Court has stated cannot support a claim. Moreover, the facts as stated by the plaintiff do not and cannot support a conclusion that the defendant was acting under color of law at the time these events occurred. Because the Constitutional claims require the plaintiff to establish that Movant was acting under color of law at the time these events occurred, and plaintiff cannot do so, the plaintiff's 42 U.S.C. § 1983 claims should be dismissed against Movant.

To state a valid claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a constitutional right committed by a person acting under color of state law. West v. Atkins, 487 US 42, 48 (1988). This requires a showing that the defendant exercised power "possessed by virtue of state law and **made possible only because the wrongdoer is clothed with the authority of state law**." Id. at 49 (emphasis added). Color of law means "under 'pretense' of law." Screws v. United States, 325 U.S. 91, 111 (1945).

The precedents of the Second Circuit make it clear that even off-duty police officers do not always act under the color of state law, so this pleading hurdle is high. In Pitchell v. Callan, 13 F.3d 545 (2nd Cir. 1994), several off-duty officers were drinking. Although off duty, several were wearing their uniforms and had their service revolvers on them. One officer intentionally shot one of his companions with department-issued bullets during a political argument. The Court of Appeals cited a litany of cases from around the country before concluding that whether a defendant was acting under color of state law depended on whether they were invoking the power of the police department at the time of the incident. Id at 548.

Significantly, the plaintiff in Pitchell attempted to plead around the fact that no police power had been invoked by arguing that the "police presence" of his companions had a "numbing

7

effect" on his defenses such that he believed he was better protected from violence than he was. The Second Circuit was not persuaded by these arguments because it "erroneously centers on [Plaintiff's] subjective reaction to [the officer's] conduct rather than the nature of [the officers'] activity..." Id at 548-549. "Unlike a negligence case, the focus of inquiry in the instant case is not on the standard of care used by the officers but rather on whether there was an abuse or misuse of power conferred on them by state authority.  If [the officer] was not acting with actual or pretended authority, he was not acting under color of law, and his actions were not state actions." Id at 549. In addition, in Pitchell, *supra*, the plaintiff claimed that an officer could still be held liable for not attempting to stop the assault by a fellow officer.  The Pitchell Court, quoting DeShaney v Winnebago County, 489 U.S. 189, 197 (1989), stated **"a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."**

 Similarly, in Bonsignore v. City of New York, 683 F. 2d 635 (2nd Cir. 1982), the defendant was an off-duty officer who shot his wife and committed suicide.  The Second Circuit Court of Appeals upheld the district court's denial of plaintiff's motion to amend her complaint to assert a §1983 claim, because the officer's actions were not "committed in the performance of any actual or pretended authority," therefore color of law was not present. Id. at 638-639.

 Here the Plaintiff has failed to allege the critical elements necessary to make the Movant's security guards state actors. They were not empowered to act as police and were expected to witness and report, not detain or use force to do so for any perceived wrong doing on the part of

Plaintiff with respect to their scope of duty to deter and report fare jumpers and similar acts.[4] Further, the contract under which Movant's agents to act, clearly placed limitations on their authority do that they do not arise to the level of state actors. Accordingly, Plaintiff 's claims against Movant for violations under 28 U.S.C. § 1983 must fail as a matter of law and be dismissed.

> B. The Complaint Fails to State a Claim Against Moving Defendant based on Respondeat Superior/ Vicarious Liability for the Actions of its Security Guard Agents because they are not Government Actors

The plaintiff repeatedly alleges throughout his complaint that there exists a policy, custom, or practice executed by the defendants that serves to deprive him of his due process rights. *See* Docket No. 1 at 3 ¶11. Allegations that are based on a custom, policy, or practice enable a person to bring a direct claim against the governmental body for the custom, policy, or practice that led to the deprivation of constitutional rights. Monell v. Dept. of Social Srvcs., 436 U.S. 658, 690-691 (1978). Indeed, a person cannot sue a governmental body for an isolated injury inflicted by its employees; rather, liability can only attach "when execution of a government's policy of custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id at 694; See also, St. Louis v. Praprotnik, 485 U.S. 112 (1988). The Supreme Court in Praporotnik explained that a governmental body may be sued directly "if it is alleged to have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id at 122. Suit is also authorized even if the governmental "custom" has not been formally approved. Id.

---

[4] Nothing in this statement is meant to waive any arguments that the security guards may have acted with justification, including but not limited to self defense or defense of others and said issues are specifically reserved for presentation in a future Answer in this matter as Affirmative Defenses.

Thus, when the alleged wrong arises as a result of an official or unofficial policy, a suit against the individuals is a suit against them in their "official capacity." Suits brought against individuals in their "official capacity" are treated as a claim against the government entity itself. Monell at 690, n. 55; Kentucky v. Graham, 473 U.S. 159, 164 (1985). A suit brought against an individual in their official capacity is not a suit against the actor personally, because the real party in interest is the entity of which the actor is a part. Id. In other words, a suit against an individual alleging that the creation of, or compliance with, an official/unofficial policy or custom led to the deprivation of Constitutionally protected rights is a suit against them in their official capacity, and, in turn, is a suit against the governmental body itself. In this case, although the plaintiffs seemingly have labeled their claims as claims against the defendants "individually," their complaint, in fact, describes official capacity claims.

To meet the test under Monell, although the policy at issue need not be the sole cause of the constitutional deprivation, a plaintiff must demonstrate that, "through its *deliberate* conduct, the [governmental entity] was the 'moving force' behind the injury alleged." Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis in original). Inherent in this principle is "the concept that the plaintiff must show 'a direct causal link between a ... policy or custom and the alleged constitutional deprivation.' " Outlaw v. City of Hartford, 884 F.3d 351, 373 (2d Cir. 2018) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). To prevent § 1983 from drifting towards *respondeat superior*, this is an exacting standard. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Board of County Com'rs of Bryan County,

10

Okl., 520 U.S. 397, 405, 117 S.Ct. 1382 (1997). *See also* Uviles v. City of New York, No. 19-CV-3911 (BMC), 2023 WL 3266838, at *14 (E.D.N.Y. May 5, 2023). Thus "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Brown, *supra,* 520 U.S. at 403; *see also* Newton v. City of New York, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008) ("As subsequently reaffirmed and explained by the Supreme Court, municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right."). In other words, a municipality may not be liable under § 1983 "by application of the doctrine of respondeat superior." Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (italics omitted); *see also* Vassallo v. Lando, 591 F. Supp. 2d 172, 201 (E.D.N.Y. 2008); Barkai v. Mendez, 629 F. Supp. 3d 166, 204 (S.D.N.Y. 2022).

Further, while a superior may be liable under § 1983 "if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event," Williams v. Smith, 781 F.2d 319, 323 (2d Cir.1986), "conclusory and speculative assertions" to establish such gross negligence cannot suffice. Gan v. City of New York, 996 F.2d 522, 536 (2d Cir.1993); Pollack, *supra*, 58 F. Supp. 2d at 300–01.

Plaintiff Failed to allege fact which support what policy or procedure of Movant led to his alleged harm as required by Monell. No practice, procedure or policy is described in any way. In addition, as noted above, the Movant's security guards were not state actors for the reasons stated above, and neither negligent supervision, direct participation, no vicarious liability under 28 U.S.C. § 1983 claims are viable against Movant and must be dismissed.

11

  C.  The Complaint Should be Dismissed for Plaintiff's Failure Plead a <u>"Short and Plain Statement" of the Claim Pursuant to Rule 8.</u>

Rule 8 of the Federal Rules of evidence mandates that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added). Moreover, "[e]ach averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed.R.Civ.P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). Pleadings under § 1983 must contain more than mere conclusory allegations, *see, e.g.,* <u>Ostrer v. Aronwald</u>, 567 F.2d 551 (2d Cir.1977); <u>Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck</u>, 463 F.2d 620, 622–23 (2d Cir.1972), *cert. denied,* 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973), and while a plaintiff should not plead mere evidence, he should make an effort to provide details which support the allegations of the complaint.

With approximately 14 pages, 91 paragraphs, and what are described as 12 counts Plaintiff's Complaint certainly meets the definitions of "voluminous and unfocused," and fails to give any of the defendants notice of what claims Plaintiff is asserting against them. <u>Binsack</u>, 438 F. App'x at 160. The Complaint is filled with lengthy and irrelevant quotations of what Plaintiff deems is controlling law. Parsing out the anecdotes, legal conclusions, and irrelevant pieces of information from the actual facts that Plaintiff intends to apply to each claim is, at best, a significant undertaking and, at worst, virtually impossible. The Complaint entirely fails to communicate to the Movant what the claims are against them and under what theory Plaintiff

12

alleges he is entitled to relief with respect to the federal claims. As such, those claims in the Complaint should be dismissed in its entirety for failure to comply with the liberal pleading standards set forth in the Federal Rules of Procedure.

    D.    If the Federal Claims Against Movant are Dismissed, this Court should Refuse to Exert Supplemental Jurisdiction over the State Law Claims

As the federal claims against Movant should be substantively dismissed for failure to state an action for the reasons stated above, this Court should not exercise supplemental jurisdiction over the state law claims against Movant. Pollack, *supra*, 58 F.Supp.2d at 306. Said claims can be dismissed without prejudice or remanded when supplemental jurisdiction pursuant to 28 § 1367(c)(3) no longer exists. Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir.1991) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Accordingly, non-federal claims should be dismissed without prejudice.

## V.    CONCLUSION

This Court should dismiss with prejudice all of the Counts stating federal causes of action in the the Complaint as to Defendant, Overwatch Services, LLC in in its entirety, and refuse to exert supplemental jurisdiction over the claims stated under New York Law dismissing same without prejudice or remanding same to state court as this Court deems appropriate, and enter the proposed Order attached hereto.

                                            Respectfully submitted,

                                            */s/ Michael F. Schleigh*
                                            Michael F. Schleigh, Esquire

Dated: January 24, 2024

**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
11 Broadway
New York, NY 10004
844-639-9626
mschleigh@hardinlawpc.net
*Counsel for Defendant, Overwatch Services, LLC*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

MATTHEW STONE
        Plaintiff,

        v.                      Case No. 1:23-CV-11258-CM

METROPOLITAN TRANSPORTATION AUTHORITY, ET AL.

## CERTIFICATION OF JORDAN WEST IN SUPPORT OF DEFENDANT OVERWATCH SERVICES, LLC'S MOTION TO DISMISS COMPLAINT

JORDAN WEST, being of legal age and sound mind, certify the following pursuant to penalties under law for willfully making false statements:

1. I am over 18 years of age.

2. I serve as the general manager of Overwatch Services, LLC ("Overwatch") and am familiar with its business dealings and procedures.

3. In such capacity I am familiar with the contractual dealing with Allied Universal Security Services, LLC (Allied Universal"), and in particular a sub-contact between Overwatch and Allied Universal in relation to security services provided to the Metropolitan Transportation Authority ("MTA") in New York which was entered into between the parties in 2017.

4. A true and correct copy of the aforementioned subcontract is attached hereto as Exhibit "1".

5. At the time of the incident alleged in the Complaint, Overwatch provided a scope of services consistent with the terms and conditions of the subcontract (Exhibit "1") although said contract expired pursuant to its terms in 2018.

6. I am also familiar with the policies and procedures in place to execute the services under the aforementioned sub-contract.

7. A true and correct copy of the Post Orders to be carried out with respect to subway security services for the MTA is attached hereto as Exhibit "2".

8. Said Post Order was in effect and to be followed by Overwatch personnel at the time of the incident alleged in the complaint.

**MORE THE AFFIANT SAYETH NOT.**

JORDON WEST
General Manager, Overwatch Services, LLC

Dated: January 19, 2024

SWORN AND SUBSCRIBED BEFORE:

TIFFANY J FRENCH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01FR0004250
Qualified in Bronx County
Commission Expires 03/28/2027